## `UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:19-CR-7 |
| | ) | |
| DELMAR AZIZ JONES | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's motion for compassionate relief pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 63, 72]. In support of his motion, defendant states he is currently housed in FMC Fort Worth. As of May 7, 2020, the Bureau of Prisons (BOP) reports 467 inmates positive for coronavirus at that institution. Because of his underlying health concerns, defendant states he is among those at a high risk of death or serious illness if he is exposed to the disease. Defendant suffered an abdominal gunshot wound in 2007 and has suffered infections and pain that continues to this day. If released, he plans to quarantine in his home in Houston, Texas with his wife and their five children. Defendant asks the Court to excuse the exhaustion of administrative remedies requirement and reduce his sentence to time served or order he serve the balance of his sentence on home confinement.

The government opposes the motion stating the BOP has taken significant measures to protect the health of the inmates in its charge. *See* Updates to BOP COVIS-19 Action Plan (Mar. 19, 2020). Federal Bureau of Prisons, https://www.bop.gov/resources/news/20200319_covid19_update.jsp. In addition, in an

effort to relieve the strain on BOP facilities and assist inmates who are most vulnerable to the disease and pose the least threat to the community, BOP is exercising greater authority to designate inmates for home confinement. The government asserts that defendant has not exhausted his administrative remedies with the BOP; thus, the Court lacks the authority to grant his motion.

Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine. He was sentenced to 30 months imprisonment, followed by 3 years supervised release on October 4, 2019. He is presently scheduled to be released from federal custody on February 25, 2021.

Defendant asks the Court to reduce his sentence to time served or order he serve the balance of his sentence on home confinement pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This section allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." Such motions cannot be entertained by a district court until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Here, although defendant's request for a reduction in sentence/compassionate release has been denied by the BOP, he has not shown that he has pursued an administrative appeal through the BOP. Thus, defendant has not complied with the requirement that he exhaust his administrative remedies with the BOP. The BOP has outlined the administrative appeal process. *See* Program Statement No. 5050.50, *Compassionate*

2

*release/Reduction in Sentence:  Procedures for implementation of 18 U.S.C. § 3582 and 4205(g) (Jan. 17, 2019),* https://www.bop.gov/policy/progstat/5050_050_EN.pdf.   The BOP Program Statement explains that a prisoner seeking a compassionate release must first file a request with the warden asking the BOP to move for compassionate release on the prisoner's behalf.  *See id.* at 3 (citing 28 C.F.R. § 571.61).  If that request is denied, the prisoner must appeal the denial through the BOP's Administrative Remedy Procedure.  *See id.* at 15 (citing 28 C.F.R. § 571.63).

Even during the COVID-19 pandemic, the exhaustion requirement of § 3582(c)(1)(A) cannot be summarily disregarded.  *See United States v. Alam,* 2020 WL 2845694 (6th Cir. Jun. 2, 2020) ("Because this exhaustion requirement serves valuable purposes (there is no other way to ensure an orderly processing of applications for early release) and because it is mandatory (there is no exception for some compassionate release requests over others), we must enforce it").  Consequently, the Court cannot weigh the merits of defendant's motion for compassionate release until the exhaustion requirement of § 3582(c)(1)(A) is fully satisfied.

While it sympathizes with the defendant's concerns, the Court lacks authority to consider the present motion.  Accordingly, defendant's motion for compassionate relief [Doc. 63, 72] is **DENIED without prejudice**.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

3